14-4686
Nency v. Lynch

BIA
A099 587 585

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

_____

NENCY NENCY,
> *Petitioner,*

v.                                        14-4686
                                          NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Charles Christophe, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Douglas
                         E. Ginsburg, Assistant Director;
                         Benjamin Mark Moss, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nency Nency, a native and citizen of Indonesia, seeks review of a November 24, 2014, decision of the BIA denying her motion to reopen. *In re Nency Nency*, No. A099 587 585 (B.I.A. Nov. 24, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, "mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time and numerical limitations do not apply if the motion is "based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8

2

C.F.R. § 1003.2(c)(3)(ii).

Nency's 2014 motion was untimely and number barred, and the BIA was within its discretion to find no material change in country conditions excusing the motion from those limitations. The question on a motion to reopen is not whether conditions are poor, but rather whether they have changed. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) (comparing "the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below").

The BIA reasonably concluded that the "mistreatment of Christians has, unfortunately, been a longstanding problem in Indonesia," and cited record evidence of riots and a church burning in 1998 and attacks on Christians in 2002, 2003 and 2004. The record supports this conclusion generally. *See* U.S. Dep't of State, Bureau of Democracy, H.R. and Lab., International Religious Freedom Report (2005) (Indonesia) (stating that "certain policies, laws, and official actions restricted religious freedom, and the police and military occasionally tolerated discrimination against and abuse of religious groups by private actors"); U.S. Dep't of State, Bureau of Democracy, H.R. and Lab., International Religious Freedom Report (2006)

3

(Indonesia) (citing ongoing "political and economic tensions between approximately equal populations of Christians and Muslims [that] continued to cause sporadic violent episodes resulting in deaths," with the caveat that criminal motives may have been at play).

Nency contends that in *Indradjaja v. Holder*, 737 F.3d 212 (2d Cir. 2013), we "found" that "violence against Christians was on the rise in Indonesia," *id*. at 216, and argues that her evidence is more compelling than what was submitted there. Neither point is accurate.  The BIA denied Indradjaja's motion to reopen for failure to submit her own affidavit, and alternatively discounted her expert's affidavit because it did not include the sources on which it was based.  We granted the petition for review because neither of those procedural rulings had any basis in law or regulation.  *Indradjaja*, 737 F.3d at 218-20.  We did not (and indeed, could not) make factual findings about current conditions in Indonesia.  8 U.S.C. § 1252(b)(4)(A).  We observed that Indradjaja's decision to submit an expert's affidavit instead of her own was "logical since Indradjaja, who had not been to Indonesia during the period in question, would have had no personal knowledge of changes that had occurred in her absence." *Indradjaja*, 737

4

F.3d at 219.  But Nency did the reverse: she submitted a handful of newspaper articles about recent attacks on Christians, and otherwise relied on her own affidavit, in which she described media reports of violence.  Given that Nency is not an expert on human rights in Indonesia, the BIA was within its discretion to find that her affidavit did not warrant reopening.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk